# THE CHICAGO CITY RAILWAY COMPANY

*v.*

## STELLA DINSMORE.

*Filed at Ottawa June 13, 1896—Rehearing denied October 13, 1896.*

1. NEGLIGENCE—*slight negligence is compatible with the exercise of ordinary care.* An instruction, in an action for personal injuries, that slight negligence on the part of the plaintiff is not necessarily incompatible with due and ordinary care, is not erroneous.

2. SAME—*"ordinary care" defined.* Ordinary care is that care which a reasonably prudent and cautious person would take to avoid injury under like circumstances.

3. INSTRUCTIONS—*should not take the question of defendant's negligence from the jury.* An instruction that a street car company should bring its car to a full stop long enough to enable a lady passenger desiring to alight to safely step to the ground, and that if while she was, with ordinary care, alighting, during such stop the car was suddenly started and the passenger injured, she is entitled to recover, is erroneous, as the acts set forth do not, as a matter of law, necessarily constitute negligence.

4. SAME—*when erroneous instruction as to negligence is not cured by others.* An erroneous instruction in an action for personal injuries, that if certain facts set forth are true plaintiff should recover, while such facts do not necessarily constitute negligence, is not cured by a further instruction that before plaintiff can recover the jury must find the defendant has been negligent.

5. SAME—*it is not error to refuse duplicate instructions.* It is not error to refuse instructions the substance of which is given in others of the series.

*Chicago City Railway Co.* v. *Dinsmore,* 62 Ill. App. 473, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

WILLIAM J. HYNES, and H. H. MARTIN, for appellant.

FREDERICKSON & CAMP, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

This was an action by appellee, against appellant, to recover damages for a personal injury. The declaration consisted of two counts, and each alleged, in substance, that on October 28, 1889, plaintiff was a passenger on one of defendant's cable cars on its State street line, and notified defendant of her desire to get off the car at Forty-fourth street, and that it was defendant's duty to hold said car still while plaintiff was so getting off, and charged defendant with neglect of said alleged duty, and alleged that while plaintiff, using due care, was in the act of leaving the car, it was by defendant's negligence suddenly and without warning started or jerked forward, and was by defendant negligently managed, etc., whereby plaintiff, while in the act of descending from the car, was thrown forward with force and violence and was thereby injured. The declaration was subsequently amended by averring special damages. A trial in the circuit court of Cook county resulted in a verdict for $1.000 in favor of the plaintiff. The defendant's motion for a new trial was overruled and judgment entered on the verdict. This appeal is from the judgment of the Appellate Court affirming that judgment.

The alleged errors upon which appellant relies for a reversal of the judgments below are certain rulings of the trial court in giving and refusing instructions.

Objection is made to the first instruction for appellee because it told the jury that slight negligence on the part of the plaintiff was not necessarily incompatible

with due and ordinary care.    There is no merit, however, in the objection.    A similar instruction was held good by this court in *Lake Shore and Michigan Southern Railway Co.* v. *Hessions,* 150 Ill. 546.

The fourth instruction for appellee is not strictly accurate, and perhaps was calculated to mislead the jury. Ordinary care is that care which a reasonably prudent and cautious person would take to avoid injury, under like circumstances.    *Chicago, St. Louis and Pittsburg Railroad Co.* v. *Hutchinson,* 120 Ill. 587.

The sixth instruction given in behalf of appellee is as follows:

"The jury are instructed that if they believe, from the evidence, that the plaintiff, Mrs. Stella Dinsmore, on or about the 28th day of October, 1889, became and was a passenger upon a street car of the defendant and then being operated by the defendant, and that the conductor of said car was notified of her desire to alight from said car at or near the corner of Forty-fourth and State streets, upon the line of the road of the said defendant, it was the duty of said defendant to bring said car to a full stop so as to enable said plaintiff to safely step from said car to the ground, and to give said plaintiff a sufficient length of time to alight from said car; and if the jury believe, from the evidence, that said car did come to a stop at or near the corner of Forty-fourth and State streets, and if the jury also believe, from the evidence, that while the car was at a stop the plaintiff used ordinary care and diligence in endeavoring then and there to alight from the car, if the jury so believe from the evidence, and also further believe, from the evidence, that the car was suddenly started while she was in the act of alighting and was injured thereby, then plaintiff is entitled to recover."

This instruction is erroneous.    It told the jury, as matter of law, that if the facts therein set forth were true the plaintiff should recover, whereas the plaintiff was

not entitled to recover unless the defendant had been guilty of negligence, and the acts of the defendant mentioned in the instruction did not necessarily constitute negligence.    Whether or not the defendant was negligent was a question for the jury to determine.    It is no answer to this objection to say that the defect was cured by instructions given for the defendant, for it was not. This instruction said that if the facts therein related were true the plaintiff should recover, while the defendant's instructions said that before the plaintiff could recover the jury must find that the defendant had been negligent, which was equivalent to saying that the acts of the defendant mentioned in this instruction constituted negligence.

Three of the instructions proffered by appellant the trial court refused to give, and it is contended that in this the court erred.    It will be unnecessary to enter into a discussion of those instructions.    Suffice it to say, that the substance of two of them is embraced in appellant's third instruction which was given, and the substance of the other in the fourth instruction given in the same behalf.    The refusal to give them was, therefore, not error.

For the error indicated, the judgments of the Appellate and circuit courts will be reversed and the cause remanded to the latter court.

*Reversed and remanded.*