## Chicago & Alton R. Co. v. James Stewart.

1.  ORDINARY CARE—*Looking and Listening at a Railroad Crossing.*
—In a suit against a railroad company for injuries received at a railroad crossing, the court finds that the plaintiff neither looked, listened nor thought of the train, and that he was therefore not in the exercise of ordinary care.

2.  SAME—*Defined.*—Ordinary care is that degree of care which a reasonably prudent and cautious person would take to avoid injury under like circumstances.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Grundy County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1897. Reversed, with finding of facts. Opinion filed September 20, 1897.

GEORGE S. HOUSE, attorney for appellant.

S. C. STOUGH and JOHN STANSBURY, attorneys for appellee.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.
Appellee brought suit against the appellant to recover damages for personal injuries sustained by him, in consequence, as he alleges, of the negligence of appellant in approaching and passing over the crossing of a street, or public highway, in the village of Coal City, town of Bracewood, Grundy county, July 8, 1896. It appears from the

evidence, on that day appellee was driving a team of mules, with wagon and empty hay rack, west on the street in question, which was to some extent piked. At the crossing of the railroad and highway, the former is slightly graded. While driving in the direction of the railroad, appellee sat on the wagon with his side toward the railroad, his back turned in the direction from which the train struck him; the mules were trotting until the railroad grade was reached, where they slackened to a walk as they passed upon the track. Appellee did not see or hear the approach of the train; the engine struck the front wheels of the wagon, threw appellee into the air and upon the ground, broke his collar bone and two ribs, and otherwise injured him, as was claimed, permanently.

At the close of all the evidence, appellant requested the court to instruct the jury to find a verdict for the defendant, which instruction the court refused to give. The verdict of the jury was returned against appellant in the sum of $5,300. The court overruled appellant's motion for a new trial, and gave judgment against it on the verdict, from which this appeal is prosecuted. Among the errors assigned are, the refusal of the court to give the above mentioned instruction, and that the verdict is against the evidence.

After a consideration of all the evidence, we are compelled to the conclusion the verdict is not supported by it. The burden of proof was upon the appellee to show that at the time he received the injuries for which he seeks to recover damages, he was himself in the exercise of ordinary care to avoid injury. We not only think he has failed to do this affirmatively, but on the contrary we think the testimony of his own witnesses establishes the fact he did not approach the railroad crossing, where he was hurt, with ordinary care, and that it was in consequence of such want of ordinary care his injuries were incurred. The place where the accident occurred was open to view and well known to appellee. Others who were on the same highway, and near to him just before and at the time he was struck by the engine, heard and saw the train. Appellee, of all the sev-

eral persons in the neighborhood, was the only one, it appears, who did not see or hear the train. This fact, to us, proves he neither looked nor listened for the train, but doubtless in a state of thoughtlessness drove upon the crossing in a time of danger and was hurt.

Appellee himself and others of his own witnesses testified that he approached the crossing sidewise, his back toward the approaching train; and he says himself the mules were trotting, a movement with an empty wagon, on a piked street, that would be likely to produce a jar and rattling in the ears of appellee on the wagon, sufficient to obscure his hearing the approach of the train. These circumstances, with others that might be mentioned, leave no reasonable doubt, in our minds, that appellee neither looked, listened, nor thought of the train. He was, therefore, not in the exercise of ordinary care—that care which a reasonably prudent and cautious person would take to avoid the injury under like circumstances. Chicago City Ry. Co. v. Dinsmore, 162 Ill. 658.

It may be doubtful, under the evidence, whether appellant rung a bell, or sounded a whistle; and it may also be true it was running at a greater rate of speed than allowed by the village ordinance, if in fact the accident happened in the corporate limits of the village; still these facts in nowise constituted the efficient cause of the injury, which, as we have seen, was the want of ordinary care on the part of appellee himself.

The Circuit Court therefore erred in refusing to instruct the jury to find a verdict for the defendant, and the verdict was against the evidence; and for these errors the judgment of the Circuit Court will be reversed, and the clerk of this court directed to recite in the final order of this court the finding of facts hereto appended. Judgment reversed.

And the court finds that at the time the appellee sustained the injuries complained of in his declaration, he was not in the exercise of ordinary care for his own safety.