### Chicago & E. I. R. R. Co. v. Felix McElhaney.

1. NEGLIGENCE—*Bar to Recovery.*—Where a plaintiff's conduct has been so reckless that the minds of all fair-minded persons must conclude that he was acting unreasonably in trying to cross a railroad track before a train, he can not recover.

**Action in Case,** for personal injuries. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1899. Reversed. Opinion filed February 27, 1900.

H. M. STEELY, attorney for appellant; W. H. LYFORD, of counsel.

MABIN & CLARK, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action on the case by appellee against appellant, tried by jury in the Circuit Court of Vermilion County, where a verdict and judgment were rendered in favor of appellee for $297.92 damages. Appellant brings the case to this court by appeal and urges us to reverse the judgment on the ground, among others, that the court erroneously refused to direct a verdict for it at the close of all the evidence, as requested by counsel for appellant, accompanied with a written instruction to that effect at that time presented. The declaration claimed damages for negligence on the part of the servants of appellant in running its passenger train over a crossing on a public high-

way in the corporate limits of the village of Alvin in this State; by reason of which appellee was personally injured, and his wagon, harness and two horses damaged on the crossing while passing over it, and he in the exercise of due care for his own safety. The negligence claimed in the first count was a failure to give the statutory signals before reaching and while passing over the crossing; in the second count, running the train at a rate of speed in excess of that limited by an ordinance of the village; in the third count, running the train at a high and dangerous rate of speed over the crossing greatly in excess of that limited by the ordinance of the village then in force, and willfully, wantonly and recklessly injuring appellee, his wagon, harness and horses, while rightfully on the crossing.

Appellant pleaded not guilty; and the evidence shows that appellant's railroad runs north and south through the village, and crosses a public highway therein which runs east and west.

Appellee is a teamster by occupation, and lives in Alvin, on the highway in question, about 250 feet east of this crossing. On the day of the accident appellant took his team and the running gears of his wagon to the woods east of the village and got a load of firewood for one Collins, who also lived on the highway in question, just across on the west side of the railroad, and he went along with appellee to get the wood, which was cut in lengths of from twelve to fourteen feet. The wood was piled onto the running gears of the wagon, and the two started with the wagon and team to take the wood to Collins' home. Their route being on this highway, and they being east of the railroad, must cross over the railroad at the crossing, 250 feet west of appellee's home. Appellee sat on the front end of the load of wood with his back toward the north, driving the team, and Collins sat close behind him. When they got within about 100 feet of the crossing they heard the fast passenger train of appellant coming from the north blow the whistle, and also heard the roar and noise of the approaching train; appellee did not turn to look where

it was, but drove ahead. When reaching a point about seventeen feet of the east rail of the track on the crossing, however, appellee and Collins each saw that the train was coming toward the crossing at the rate of from twenty to thirty miles an hour, and was not far away. Collins then said to appellee, " Here comes the infernal fast train; stop!" to which appellee replied, " I can very easily make it across;" and then slapped his horses with the lines and urged them on over the crossing at a faster gait. Collins, observing that he did not stop as he advised him, again told him to " stop," and seeing he would not, jumped off onto the ground before the wagon reached the east rail, and turning away with his back toward the west, said " Good-bye, McElhaney."

The fireman and engineer on the locomotive of the approaching train, seeing appellee urging his team over the crossing ahead of them, gave the danger signals, applied the steam brake, and did all in their power to avoid a collision; and by appellee's urging his team, and the engineer's promptness in trying to stop the train, appellee succeeded in getting over the tracks with his team and wagon, but the locomotive struck the ends of the protruding wood that stuck over the hind end of the wagon, which turned the wagon over, dumping appellee on the ground, and injuring the wagon and harness, but not injuring the horses. Appellee claims to have received some injuries, but not of a very pronounced character. There is some conflict in the evidence as to whether or not the bell on the locomotive was ringing as the train approached the crossing, but the weight of the evidence seems to us to show that it was being rung by an automatic arrangement.

The village of Alvin had an ordinance in force when the accident occurred, and before then, which made it unlawful for trains of cars to be run through its corporate limits faster than ten miles per hour, but this fast passenger train had always disregarded it by running from twenty to thirty miles an hour when it passed through, as it did on the afternoon of the accident. Appellee was well aware of the running of this train and fully acquainted with the crossing,

having done lots of hauling over it. Under the facts thus stated, which are not contradicted in the main, we are forced to conclude that appellee was not in the exercise of ordinary care when going over the crossing, but in so doing acted in a reckless manner, in view of his seeing the train, how near it was to the crossing, the rate of speed it was traveling, and he with a heavy load of long wood, which had to be pulled over the railroad tracks. In fact his conduct was so reckless that the minds of all fair-minded persons must conclude that he was acting unreasonably in trying to cross before the train went by; and all fair-minded persons would likewise conclude that the servants of defendant in charge of the train, by their conduct, did not willfully, wantonly or recklessly drive the train so as to intentionally injure him as he passed over the crossing, because of blowing the whistle for the crossing, giving the danger signal, applying the brakes to the train, and using all the appliances at their command to stop the train as soon as they saw that appellee was determined to go over. In fact appellee's reckless determination to beat the train over the crossing was the efficient cause of his being injured and his property damaged, rather than the negligence of the servants of appellant in running the train through the village at a speed of twenty to thirty miles an hour, which was in excess of that allowed by the ordinance; hence the verdict in his favor in this case ought not to have been allowed to stand by the trial court, who should have given the instruction directing a verdict for appellant as requested by its counsel. See W., St. L. & P. Ry. Co. v. Hicks, 13 Ill. App. 407; Same v. Weisbeck, 14 Ill. App. 525; C. & A. R. R. Co. v. Stewart, 71 Ill. App. 647; Simmons v. C. T. R. R. Co., 110 Ill. 340; C. & N. W. Ry. Co. v. Dunleavy, 129 Ill. 132; and C. & P. S. Ry. Co. v. Meixner, 160 Ill. 320.

Believing, as we do, from the evidence, that under the facts in this case, appellee did not show a right to recover in this action, the court committed reversible error when it refused to direct a verdict for the appellant as requested

by its counsel, and therefore we reverse the judgment. Judgment reversed.

**Finding of Facts.**—The clerk, in making up the judgment in this case, will insert the following finding of facts:

The court finds from the evidence that appellee was not exercising due care for his safety at the time in question, nor did the servants of appellant in charge of the locomotive in question, run the same so recklessly or wantonly as claimed by him, nor did they willfully, wantonly or unlawfully cause the injuries to appellant or his property as charged in his declaration.