## La Salle County Carbon Coal Co. v. Edward P. Eastman, Adm'r, etc.

1. Negligence—*Recoveries Must Be upon that Charged in the Declaration.*—In an action founded upon negligence, the plaintiff can recover only on the case made by his declaration.

2. Same—*Recovery in Actions for.*—In an action for damages for the death of a person from negligence, evidence for the purpose of showing negligence in the operation of an elevator, not charged in the declaration, is not admissible.

3. Instructions—*Not to Assume Matters in Dispute.*—In an action founded upon negligence in starting an elevator in a coal mine without warning, an instruction to the effect that if the "jury believe from the evidence that the deceased was injured because of the failure of the defendant," as alleged in the declaration, "to give him sufficient warning that the cage was about to start, the jury must find for the plaintiff," is erroneous as assuming that the defendant did fail to give such warning.

4. Same—*Attorneys Should Condense Their Instructions Within a Reasonable Number.*—In actions founded upon negligence thirty-three instructions is an unduly large number to ask a trial judge to consider.

Trespass on the Case.—Death from negligent acts. Appeal from the Circuit Court of Cook County; the Hon. Edmund Burke, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Reversed and remanded. Opinion filed January 21, 1902.

Statement.—This is a suit in which appellee, as administrator of the estate of one Michael Szcyek, seeks to recover for the death of the said intestate alleged to have been caused by negligence of the defendant.

The deceased was a man about fifty years of age, and employed by the defendant as a miner. There were two shafts to the mine in which the accident occurred, in one of which were two elevators, in size each about seven feet by four. These were open on two sides and were used for

hoisting cars loaded with coal, and were operated each by two miners called "cagers," who, it is said, usually stood on either side. These elevators were also used to hoist the men out of the mine when the day's work was done. The deceased approached one of the elevators from the north at the close of the day's work to be carried up. There is evidence tending to show that, seeing the elevator loaded with his fellow-workmen, he hastened his steps to get on; that the signal to raise the elevator had been given when he was about twelve feet away; that two of the workmen called to him, "Look out there, the cage is rung away;" that he paid no attention, but kept on; that when he was still about three feet away the cage began to ascend; that it was about a foot high when he fell on the elevator platform, which went up about fifteen feet before it was stopped; that as he was getting on, one of the cagers called out to stop the cage and the other cager rang to stop it; that it was stopped as soon as possible; that the deceased was caught between the elevator and the shaft; that to release him the elevator was lowered a few feet, and the body of the deceased was at once taken to the top.

There is conflict in the evidence as to whether the deceased got on the elevator platform before or after it started, and there is evidence in behalf of appellee tending to show that the deceased was on before the start; that the cage started with a jerk; that the signal bells were not sounded; that the deceased was not warned; and it is claimed that one of the cagemen was not attending to his duty, and that the place was insufficiently lighted.

JAMES W. DUNCAN and C. LEROY BROWN, attorneys for appellant.

CHENEY & EVANS, attorneys for appellee; JAMES S. HARLAN, of counsel.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is stated by appellee's attorneys, "The case was tried more particularly upon the second amended count, in which

the averment is that, the day's work being done, deceased was about to leave the mine by means of the elevator provided for that purpose; that it became the duty of the defendant to give deceased a sufficient notice or warning when the elevator was about to be raised, but that it negligently failed to do so, and in consequence while deceased was attempting to step upon it, the elevator started and he was injured."

There are three counts to the declaration, the first of which charges that it was the duty of appellant to provide the elevator with suitable appliances to warn the deceased and keep him free from danger in using it; and the third count charges that it was appellant's duty to warn the deceased of the danger in stepping on said elevator when it was about to rise. It is charged in each count that appellant negligently failed in its duty in these respects, but in none of them is there any such statement of facts as to make the duty evident as a matter of law. There is, however, in neither of the counts any charge whatever of neglect of duty in the operation of the elevator. The alleged negligence apparently relied upon by appellee's counsel is that charged in the second count as above stated, viz., that there was a failure to give sufficient notice or warning when the elevator was about to start. The first and third counts seem to be practically abandoned.

Evidence was introduced by appellee's attorneys for the purpose of showing negligence in the operation of the elevator, which, as above stated, is not anywhere charged in the declaration. This evidence was inadmissible. Objections were made to its introduction, which were overruled, as were also motions to strike out. Appellee was entitled to recover, if at all, only on the case made by his declaration. The defendant was entitled to know from the declaration what the negligence was with which it was charged. Having averred negligence in one respect, appellee was not entitled to introduce evidence, over appellant's objection, tending to prove negligence of an entirely different character. Ebsery v. Chicago City Ry. Co., 164 Ill. 518–523.

The trial court gave to the jury an instruction, the concluding part of which is to the effect that if the jury believed from the evidence that the deceased " was injured because of the failure of the defendant, as alleged in the declaration, to give to him sufficient warning that the cage in question was about to start, then the jury must find the issues for the plaintiff." This instruction is properly criticised for assuming that the defendant did fail to give sufficient warning, the only question left to the jury being whether such failure or something else was the cause of the injury; and because it declares as a matter of law that failure to give warning was negligence entitling appellee to recover. It is generally a question for the jury to determine whether an act or omission constitutes negligence. Here the jury are told to find for the plaintiff if they believed from the evidence that the failure to give notice caused the injury, whether or not such failure was occasioned by or constituted negligence of the defendant, whereas such failure might not necessarily, as a matter of law, constitute negligence. See Chicago City Ry. Co. v. Dinsmore, 162 Ill. 658.

Objection is made to the refusal of several instructions requested by appellant. We find nothing objectionable in some of the instructions thus refused, but appellant offered thirty-three instructions, and it has been repeatedly held that this is an unduly large number in a case of this character, to ask a trial court to consider. Chicago City Ry. Co. v. Sandusky (decided here at the present term), *ante*, page 164. If at another trial appellant's attorneys condense their instructions within a reasonable number, it is probable no occasion for such complaint will arise.

As there must be a new trial we make no further comment on the evidence. For the reasons indicated the judgment of the Circuit Court must be reversed and the cause remanded.