## Illinois Central Railway Company v. Jennie Mason.

### Gen. No. 4,652.

1. INSTRUCTIONS—*when should be accurate.* Where there is a direct conflict in the testimony, the instructions in the case should be accurate.

2. INSTRUCTION—*what, concluding with direction of verdict, should contain.* An instruction which directs a verdict must include all the material facts that the evidence tends to prove, both for the plaintiff and the defendant.

3. NEGLIGENCE—*instruction upon, should not invade province of jury.* An instruction which assumes to, and does direct a verdict for the plaintiff, if certain facts are found by the jury, is erroneous, if all the facts so stated might be true and yet the defendant not be guilty of the negligence charged.

Action in case for personal injuries. Appeal from the Circuit Court of Kankakee county; the Hon. F. L. HOOPER, Judge, presiding. Heard in this court at the April term, 1906. Reversed and remanded. Opinion filed October 16, 1906. Rehearing denied April 9, 1907.

W. R. HUNTER, for appellant; JOHN G. DRENNAN, of counsel.

LYNN & ROE, for appellee; T. W. SHIELDS, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in case in the Circuit Court of Kankakee county, seeking to recover for personal injuries alleged to have been sustained by appellee, a resident of Chicago, while alighting from appellant's passenger train at Drexel station in Chicago, on April 10, 1904. There was a verdict in favor of appellee, and judgment on the verdict for $5,500, from which defendant appeals.

The declaration contains but one count and alleges that plaintiff was a passenger on April 10, 1904, from Randolph station to Drexel station; that on the arrival of the train at Drexel the defendant, after causing its train to stop to permit plaintiff to alight, so negligently managed the same that the said train was caused to suddenly start at a rapid rate of speed, while she was in the act of alighting, and that without fault on her part she was thrown violently on the platform and injured, etc. The damages were laid at $20,000. The plea was not guilty.

The proof on the part of appellee shows that she and her husband bought tickets from Randolph to Burnside, the next suburban station beyond Drexel, not knowing the train would stop at Drexel. They were seated in the car next to the engine, and as the train approached Drexel, after being told by the conductor the train would stop there, she and her husband being the only passengers to leave that car at that station, arose from their seats and walked to the front end of the car, as the posted rules require; that her husband stepped on the platform as the train stopped; that appellee, with a large flower pot ten or twelve inches across with a calla lily in it in her arms, stood in the door or just on the platform when the train stopped, and as she was about to step off the train started with a sudden jerk, throwing her on the platform on her face on the flower pot, breaking it

and injuring her. If these facts are proven they establish a cause of action.

The proof for appellant showed that the train stopped and no person in the first car arose to get off; that the flagman in charge of the two front cars after the train stopped looked through the cars to see if there were any passengers to get off; that no person was up, and he then gave the signal to the conductor, and he signalled the engineer to start; that just as the train started the flagman saw appellee and her husband arise and run for the front door, and he immediately rang the bell cord to stop the train; that the train stopped the first time twenty or thirty seconds, and no person moved in the car until after the signal to go ahead was given; and that appellee had fallen before the train came to a stop the second time. The appellant's proof shows that appellee did not make any motion towards getting off until the train had stopped and given passengers an opportunity to get off and then started, and that appellant's employes immediately upon seeing that appellee and her husband desired to alight did all they were required to do or that could be done to stop the train the second time that they might get off. If appellant's proof is true then there is no cause of action.

With this direct conflict in the testimony it was necessary that the jury should be accurately instructed.

Appellee's fourth instruction after stating the duty of appellant is as follows:

"And if the jury in this case find from the evidence that defendant's servants in charge of the train on which plaintiff was such passenger, did stop said train at the said Drexel station to enable passengers to alight therefrom, and that while said train was so stopped to enable passengers to alight from said train, the plaintiff left her seat and was proceeding to alight from said train, and if the jury further find from the evidence that while the plaintiff was on the platform of the defendant's car seeking to get off said car, and while she was using ordinary care and diligence in that

regard, defendant's servants in charge of its cars caused said car in which the plaintiff was such passenger to be started suddenly forward before the plaintiff could alight from said car, while using ordinary care, and that thereby the plaintiff was caused to be thrown or fall from said car and sustained the injuries on account of which she sues, then the defendant is liable and the verdict should be that the defendant is guilty.''

This instruction does not leave it to the jury to say whether the appellant was guilty of negligence in what was done by appellant, but it assumes to and does direct a verdict for appellee if certain facts are found by the jury. All the facts stated in the instruction may be true and yet the appellant not be guilty of any negligence. If the train stopped the first time, as is the theory of appellant, a reasonable length of time, and appellee made no move nor gave any indication that she was going to get off, and after the signal to start was given and just as the train was about to start, she had undertaken to get off, and if the employes in charge of the train had used the utmost diligence and care in starting the train and stopping it the second time, still under such circumstances the instruction directs a verdict for appellee. It was not sufficient for appellee to have exercised due care and diligence when she was attempting to get off the platform. She should have exercised due care and diligence from the time the train stopped. An instruction directing a verdict must include all the material facts that the evidence tends to prove, both for the plaintiff and defendant, or it must leave the question for the jury to decide whether certain facts constitute negligence. Ill. Terra Cotta Lumber Co. v. Hanley, 214 Ill. 243; Chicago City Ry. Co. v. Dinsmore, 162 Ill. 658; I. C. R. R. Co. v. Griffin, 184 Ill. 9; Pennsylvania Co. v. Stoelke, 104 Ill. 201.

For the errors indicated in the fourth instruction the judgment must be reversed and the cause remanded.

*Reversed and remanded.*