**Moses H. Jones, Appellee, v. Marshall E. Sampsell, Receiver, et al., Appellants.**

## Gen. No. 14,520.

1. INSTRUCTIONS—*when excludes issue of negligence.* An instruction as follows, in an action for personal injuries predicated upon a charge of negligence by the defendant, is erroneous in excluding from the jury the issue of negligence.

"If the jury believe from the preponderance of the evidence that the plaintiff while in the exercise of ordinary care was injured *by or in consequence of the defendant*, as charged in the declaration or either of the counts thereof, then you can find the defendant guilty."

2. INSTRUCTIONS—*when upon preponderance of evidence erroneous.* The following instruction is erroneous in excluding the tests in arriving at the credit to be given to the testimony of witnesses, first, their honesty; secondly, their ability; thirdly, their numbers and the consistence of their testimony with experience; fourthly, the coincidence of their testimony with collateral circumstances.

"By a preponderance of proof the court does not mean the largest number of witnesses on a given point; four or five witnesses may testify to a fact and a single witness may testify to the contrary; but under such circumstances and in such manner and with such

air and appearance of truth and candor as to make it more satis-factory or convincing to you that the one witness, with the oppor-tunity of knowing the facts testified to, has told the truth in the matter. When you are thus satisfied that the proof lies with a single witness or any number, you are justified in returning a ver-dict in accordance therewith. This is what is meant by a prepon-derance of the proof. It is that character or measure of evidence which carries conviction to your minds."

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, pre-siding. Heard in the Branch Appellate Court at the March term, 1908. Reversed and remanded. Opinion filed April 20, 1909.

JOHN A. ROSE and FRANK L. KRIETE, for appellants; W. W. GURLEY, of counsel.

JAMES T. BRADY and G. NAT REEVES, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action on the case in which appellee was plaintiff and appellants defendants, for personal in-juries, plaintiff had judgment for $2,000, and the de-fendants appealed. The defendants operated in Evanston avenue, Chicago, an electric street railroad. Plaintiff was driving a one horse sprinkling wagon south in said avenue west of and alongside of the track of defendants. A south-bound car overtook the wagon, collided with it, and plaintiff was thrown from the wagon and injured. The first count of the declara-tion alleged that the defendants so negligently etc., ran and managed said car that it was driven forcibly against said wagon and thereby plaintiff was thrown out and injured. The second count alleged that de-fendants negligently etc., ran said car at an excessive and dangerous rate of speed; that the car struck said wagon and thereby plaintiff was thrown out and in-jured. The third count alleged that defendants negli-gently etc., failed to ring a bell or in any way give warning of the approach of the car; that the wagon was struck by the car and thereby plaintiff was thrown out and injured.

The court gave for the plaintiff the following instruction:

"If the jury believe from the preponderance of the evidence that the plaintiff while in the exercise of ordinary care was injured by or in consequence of the defendant, as charged in the declaration or either of the counts thereof, then you can find the defendant guilty."

By this instruction the jury were told that they could find the defendant guilty if they found that plaintiff was in the exercise of ordinary care and, "was injured by or in consequence of the defendant as charged in the declaration." The words "or in consequence of" in the instruction may be omitted without affecting the sense of the sentence in which they are used. In effect the jury were instructed that if they found that the plaintiff, while in the exercise of ordinary care, was injured by the defendant as charged in the declaration, they could find the defendant guilty. Negligence was of the gist of the action. It was the province of the jury first to determine what the servants of the defendants in charge of the car did in respect to the operation of the car, and then to determine whether their acts or omissions in respect to the operation of the car did or did not amount to and constitute negligence.

The effect of the instruction was to eliminate and withdraw from the consideration of the jury the question whether the acts of the defendants' servants in respect to the operation of the car alleged in the declaration, were done negligently; the question whether such acts constituted and were negligence. The instruction purported to state all the facts necessary to be found by the jury in order to find the defendant guilty, and the giving of it was reversible error because it omitted the material fact of negligence. C. C. Ry. Co. v. Dinsmore, 162 Ill. 658.

The court also gave for the plaintiff the following instruction:

"By a preponderance of proof the court does not mean the largest number of witnesses on a given point; four or five witnesses may testify to a fact and a single witness may testify to the contrary, but under such circumstances and in such manner and with such air and appearance of truth and candor as to make it more satisfactory or convincing to you that the one witness, with the opportunity of knowing the facts testified to, has told the truth in the matter. When you are thus satisfied that the proof lies with a single witness or any number, you are justified in returning a verdict in accordance therewith. This is what is meant by a preponderance of the proof. It is that character or measure of evidence which carries conviction to your minds."

"The credit due to the testimony of witnesses depends upon, first, their honesty; secondly, their ability; thirdly, their numbers and the consistence of their testimony with experience; fourthly, the coincidence of their testimony with collateral circumstances." 1 Starkie Ev. 544.

By the instruction in question these tests are ignored. The objections to such an instruction are pointed out in Keller v. Hansen, 14 Ill. App. 640. The giving of the instruction in question was also, in our opinion, error.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*