THE CHICAGO WEST DIVISION RAILWAY COMPANY

*v.*

PHŒBE R. MILLS.

1. INSTRUCTION—*should not assume facts not proved.* An instruction should not assume an important fact in the case of which there is no evidence.

2. NEGLIGENCE — *in city railway while passengers are getting off.* When a city railway car stops at a place where the conductor makes his report and waits for the return of the car, and a passenger attempts to get off without notice of such intention, and it does not appear that such place is one where passengers usually get on and off, or that those in charge know that persons are actually getting off, and they start the car, whereby a passenger is thrown and injured, the railway company will not be chargeable with negligence in starting the car forward. The passenger, before attempting to get off, should know that the stoppage is for the purpose of letting persons get off, or make his intention to get off known.

3. SANITY—*presumed.* The legal presumption is, that all persons of mature age are of sane memory, but after inquest found the presumption is the reverse until it is rebutted.

4. MENTAL CAPACITY—*burden of proof.* If a party not insane seeks to avoid a release given by her while her mental faculties were temporarily impaired, the burden of proof is upon her to show the mental incapacity, and not upon the other party to show her mind was not impaired.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. F. H. KALES, for the appellant.

Mr. S. K. DOW, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

On the 13th of May, 1875, the plaintiff, in company with a friend, (Mrs. Camp,) took passage on one of the defendant's open summer cars, at a point on the southern part of its line, intending to go to a point some short distance south of the northern terminus of its line; but this intention was abandoned upon the coming up of a slight shower of rain, and they remained in the car, (intending to return home by it,) until it had been run to its northern terminus and returned south again as far as the corner of State and Randolph streets, when, the car stopping, the plaintiff and her friend, (Mrs. Camp,) again changed their minds and concluded to leave the car at that point. Mrs. Camp left the car without difficulty, but the plaintiff, while attempting to leave it, was thrown, in consequence of the car being suddenly started forward, with great violence to the ground. The plaintiff received a severe and painful injury, in consequence of the fall, and was put to serious expense for attendance of physician and care in nursing, etc.

The defence interposed was, first, that of not guilty, and secondly, that the plaintiff had released the defendant of all claim for damages growing out of the injury.

The verdict was for the plaintiff, assessing her damages at $7000, upon which, after overruling a motion for a new trial, the court gave judgment, and the case comes here upon the appeal of the defendant.

Under the issue presented by the plea of not guilty, the court, at the instance of the plaintiff, gave, among others, the following instruction :

" The court instructs the jury as a matter of law, that it was the duty of the defendant as a carrier of passengers for hire,

to carry such passengers safely, and, upon notice, to stop a car, to give such passengers a reasonable opportunity to alight from their car, stopping a reasonable length of time for that purpose, and if the jury believe, from the evidence and circumstances proven in this case, that the plaintiff was a passenger upon one of the cars of defendant by the consent of defendant, or its agents, as conductor or driver, on or about the 13th day of May, A. D. 1875, and that the defendant stopped said car on State street near Randolph street for the purpose of permitting the plaintiff and other passengers to alight, and that when the plaintiff, if using due care and diligence on her part, was in the act of stepping down and off from said car while the car was standing still, the defendant, by its agents, as driver or conductor, started the said car before the plaintiff had had a reasonable time to alight from said car and while she was alighting from said car, which said starting of the car, without negligence or default of plaintiff, caused the plaintiff to be thrown down and injured by breaking her bones, and that the neck of the femur, commonly called the thigh bone, was broken or injured without any negligence or carelessness on the part of the plaintiff, then the railroad company was guilty of such negligence as would make the defendant company liable, and the verdict should be for the plaintiff, unless the jury believe, from the evidence, that the release read in evidence was executed by the plaintiff under an agreement which she was at the time capable of understanding and consenting to, or after being informed thereof, ratified it, or failed to return the consideration paid to her, and thereby avoid it."

This instruction, under the evidence preserved in the record, was calculated to mislead the jury, and it should not, therefore, have been given.

It assumes that the car was stopped upon notice, for the purpose of letting passengers off. There is no proof that warrants such an assumption. No one swears that the car was

stopped on notice, or that the place at which it was stopped was a usual place for passengers to get on and off. It is not shown how or why the car happened to be stopped at that place. It is shown that it was customary for the conductor, on reaching Randolph street, after aiding such as desired to get off there, to go into the office of the company and make his report, allowing the driver to go alone with the car from that point to the northern terminus—a distance of about half a block—and resume his place in the car on its returning to the south side of Randolph street. While this circumstance should not be held to exonerate the defendant from the exercise of the care with which it is properly chargeable as a common carrier, yet the facts are such as to show that the defendant should not be required to anticipate that persons would be desirous of getting off the cars at any and every stoppage they might make in this short circuit. And, therefore, unless it should appear that the driver stopped the car for the purpose of letting passengers get off, or he knew that persons were actually getting off, the company is not chargeable with negligence because of his starting the car forward. Passengers, as a matter of prudence, before attempting to get off, should know that the stoppage was for the purpose of letting them get off. These circumstances are entirely left out of view by the instruction. The fact that what purports to be a release was obtained by one Blodgett, as agent for the defendant, is admitted. But it is denied, in the first place, that plaintiff signed it; and in the second place, it is contended that if she did sign it, she did so while her mind was in a state of unconsciousness caused by opiates which she had taken to allay the intense pain from which she was suffering.

On this point, the court, at the instance of the plaintiff, gave, among others, this instruction:

"The court instructs the jury, that under the issues in this case, the burden of proof is upon the defendant to show that the alleged written release of plaintiff, offered in evidence by

defendant, was the conscious act and deed of said defendant, or executed in compliance with a previous agreement made when she was mentally capable of making and understanding it."

This was clearly erroneous.

In *Lilly* v. *Waggoner, conservator, etc.* 27 Ill. 397, the rule was thus laid down: " The legal presumption is, that all persons of mature age are of sane memory. But after inquest found, the presumption is reversed, until it is rebutted, by evidence that he has become sane. When the transaction complained of occurred before the inquest is had, the proof of insanity devolves upon the party alleging it, but it is otherwise if it took place afterwards." See also, *Fisher* v. *The People,* 23 Ill. 283 and *Menkins* v. *Lightner,* 18 id. 282. There is no pretense here that the plaintiff was actually insane—her mental faculties were simply temporarily impaired—and it devolved upon her to show that the release was obtained when her mind was thus impaired—not upon the defendant to show that her mind was not impaired when it was obtained.

The question was one upon which there was a conflict of evidence, and it should have been fairly submitted to the jury.

The evidence is far from satisfactory to our minds that the negligence of the defendant was gross and that of the plaintiff slight, in comparison with each other, which is essential to authorize a recovery.

For the errors indicated, however, the judgment is reversed and the cause remanded.

*Judgment reversed.*