## Chicago City Railway Company v. Minnie Gregg.

1.  EVIDENCE—*Of Wrongs Not Alleged in Declaration.*—In an action based on the alleged negligence of the defendant in operating a street car, it is error to admit evidence of wrongs the plaintiff afterward suffered at a hospital, such wrongs not being stated in the declaration.

2.  STREET RAILROADS—*Sudden Starting of a Car.*—If a passenger attempts to alight from a car on a street railroad, without any notice to the servants of the railroad corporation, in charge of the car, and without their knowing or being negligent in not knowing that he is doing so, the corporation is not liable for injuries received by him through a fall occasioned by a sudden starting of the car during his attempt.

**Trespass on the Case,** for personal injuries.  Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding.  Heard in this court at the October term, 1896.  Reversed and remanded.  Opinion filed March 8, 1897.

### STATEMENT OF THE CASE.

This action was brought by Minnie Gregg, appellee, against the Chicago City Railway, appellant, to recover damages for personal injuries.    The jury rendered a verdict in favor of appellee for $7,500, from which the sum of $2,500 was remitted, and judgment entered for $5,000.

The original declaration alleged that appellant " owned and operated a certain street railway along and upon 39th street and Wentworth avenue and 41st street," etc.; that appellee entered one of appellant's cars for the purpose of

going to "Atlantic street and 41st street," and that the
accident occurred "at or near Atlantic street and 41st
street."

During the trial leave was granted appellee to file an
amendment to her declaration. The amendment was made
by erasing the figures "41st" in two places in the original
declaration, and interlining "Root." Afterward, the court
directed that appellee file her amendment in proper form,
and that "the original declaration be restored as it was."

Appellee, however, failed to obey this order and file an
amendment.

WILLIAM J. HYNES, attorney for appellant.

JNO. F. WATERS and HIRAM BLAISDELL, attorneys for
appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE
COURT.

Appellee was the only witness who testified in her
behalf to the circumstances under which the accident
happened.

She testified, in chief, that, having signaled the car to
stop, as it was going at a slow walk, and she was attempt-
ing to get off from the platform, the car gave a sudden jerk
and threw her to the ground. Upon cross-examination, she
testified that the car stopped before she got off, but not
long enough for her to get off in safety.

In rebuttal she testified:

"Q. At the time you got off the car was the car at a
standstill, or was it moving? A. It was moving toward
a standstill, but didn't stop at all to let me off in safety.
That is the truth from beginning to end, and that was my
intention the other day to testify and get my testimony in
within that very shape.

Q. What did you mean when you said that the car
stopped? A. I didn't mean that it stopped entirely; that
it was approaching toward a standstill, and while attempt-

ing to get off from the foot-board to the ground, the car suddenly jerked. I, at that time, had my hand on the seat, and the sudden jerk wrenched my hand from the seat, and I fell forward."

The only negligence alleged, and that to which she testified, was a sudden jerk of the car.

The car was what is known as an open or summer car.

Three passengers, none of them employes of the company, testified that there was no jerking of the car. The conductor and driver of the car testified to the same effect.

The very great preponderance of the evidence is, that the accident was not due to any negligence charged in the declaration. N. C. Street Ry. Co. v. Lotz, 44 Ill. App. 78.

Counsel for the plaintiff in his opening statement charged that appellee, having gone to the county hospital, through the connivance and procurement of the defendant and its agents, was there starved for four days.

The plaintiff, upon the promise of her counsel to connect the defendant therewith, was permitted to testify what was said and done to her by the attendants of the county hospital; that she was deprived of all solid food for four days; that she received nothing but a pint of milk three times a day; that she told them if they could not do any better, she wanted to go home, and they refused to let her have her clothes; that she asked them if they were going to do anything for her, and if not, to let her go home, as she at least could use liniment and give herself a little ease; that there was nothing being done for her there; that in place of giving her her clothes, she was transferred to ward No. 7, where she was placed in bed and kept there six days without any medical treatment; that she was kept costive for four days.

Many questions were then asked her by her counsel, in an endeavor to show that such treatment was due to the agency of the defendant, and that while at the county hospital an attempt had been made by appellant to effect with her a settlement of her claim.

Such attempt to connect the defendant with anything

done at the county hospital, it is conceded (it is said, owing to objections interposed by the defendant,) was a failure.

The testimony of appellee as to the manner in which she was treated in the county hospital, the court "struck out."

It should never have been admitted. Plaintiff's declaration contained no complaint of ill treatment at the county hospital, or any allusion to her having been there. The admission of such testimony could have but one tendency, viz., to prejudice the jury against the defendant, charged by counsel to have procured such ill usage. It is impossible to say how much the jury may have been influenced by the entirely unjustifiable accusation by counsel and the utterly immaterial testimony of the plaintiff to wrongs which, if suffered, she could not recover for in this action.

Even had counsel succeeded in showing, as he told the court and jury he would, that the defendant had induced the attendants at the county hospital to starve his client, the evidence would have been inadmissible. The plaintiff had brought an action based upon the alleged negligence of the defendant in operating a horse car on Root street near Atlantic; for this, and nothing besides. The defense was a denial of such negligence, and nothing else.

What wrongs the plaintiff afterward endured at the county hospital might be the subject of a separate suit, but were not even hinted at in her declaration in this case.

According to her own testimony, she attempted to get off while the car was moving toward a standstill; it does not appear that any servant of the appellant knew of her movement. She had signaled the car to stop; this it was proceeding to do, when she, without waiting for it to come to a stand, attempted to get off from the foot-board to the ground. Unless some agent of the company knew that she was so doing, the sudden jerk of the car can not be said to have been a negligent act. C. W. Division Ry. Co. v. Mills, 91 Ill. 39; Nichols v. Middlesex Ry. Co., 106 Mass. 463; North Chicago Street Ry. Co. v. Lotz, 44 Ill. App. 78.

Her injury was the result of what she was then, without notice to the company, doing; for the signal to stop was

not notice that she would attempt to get off without wait-
ing for the car to stop.

No other of the dozen passengers was thrown down or
injured by the "sudden jerk," if one there was.

The judgment of the Superior Court is reversed, and the
cause remanded.