## West Chicago Street Ry. Co. v. Caroline Winters.

1.   INSTRUCTIONS—*Stating Certain Facts to the Jury as Constituting Negligence.*—An instruction which sets forth certain facts and states that if they. are true, plaintiff should recover, is erroneous, as it amounts to telling the jury that the facts therein set forth constituted in the law, negligence.

2.   SAME—*Directing a Verdict Must Contain All Facts Which Will Authorize the Verdict Directed.*—An instruction which directs a verdict for either party, or amounts to such a direction in case the jury shall find certain facts, must necessarily contain all the facts which will authorize the verdict directed.

3.   SAME—*Error in One Not Cured by Others.*—An error in an instruction is not obviated by giving conflicting instructions.

4.   SAME—*As to the Duty of a Common Carrier.*—An instruction which declares the duty of a common carrier to be to use the highest degree of care, vigilance and foresight consistent with the character and mode of conveyance adopted to safely carry and deliver their passengers, is erroneous.   A complete statement of the degree of care required must also. contain the element of reasonableness, and practicability.

5.   NEGLIGENCE—*A Question for the Jury.*—Under correct instruction of law it is for the jury to determine, from all the evidence, whether there is negligence.

Trespass on the Case, for personal injuries.   Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902.   Reversed and remanded.   Opinion filed March 17, 1903.

Statement.—This is an action on the case by Caroline Winters against the West Chicago Street Railway Company to recover damages for alleged personal injuries.   The declaration alleges that the plaintiff was a passenger upon one of the defendant's cars running north on Western ave-

nue, and just before the car crossed the railroad tracks which intersect Western avenue upon the street known as Bloomingdale Road, the car slackened up or came to a standstill, and while the plaintiff was stepping out of the car it was suddenly and violently started, through the negligence of the defendant's employes, causing the plaintiff to fall; and general negligence in the operation of the car was alleged. The general issue was filed, the case tried, and the jury returned a verdict of $3,750, and judgment thereon was entered.

JOHN A. ROSE and LOUIS BOISOT, attorneys for appellant; W. W. GURLEY, of counsel.

An instruction which assumes to embrace every element essential to recovery should omit nothing material. St. Louis & S. E. Ry. Co. v. Britz, 72 Ill. 256; Chicago, B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; Chicago v. Schmidt, 107 Ill. 186; Pardridge v. Cutler, 168 Ill. 504.

An erroneous instruction on a vital point in a case can not be cured by other instructions. Chicago, B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; Chicago City Ry. Co. v. Dinsmore, 162 Ill. 658, 661; Pardridge v. Cutler, 168 Ill. 504, 513.

An instruction stating the duties of common carriers of passengers which omits the qualifications of practicability and reasonableness is erroneous. Field v. French, 80 Ill. App. 78, 94; Elwood v. Chicago City Ry. Co., 90 Ill. App. 397, 399; Chicago & Alton R. R. Co. v. Pillsbury, 123 Ill. 9, 21.

D. McCASKILL, attorney for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Counsel for appellant argued three points upon which they rely for a reversal of this judgment.

1. It is contended that the evidence does not sustain the verdict. The declaration in this case contained three counts. In one count it is alleged that the car was slowing up at the time of the accident, and in another count that the car had stopped and, without warning, was suddenly started forward. The evidence tends to show that as the

car approached the railroad crossing at the Bloomingdale Road, it slackened speed or stopped while the conductor alighted and went forward to see whether the railroad crossing was clear. Just then the plaintiff attempted to leave the car by the rear platform, and she fell to the ground.

The plaintiff testified as follows :

" I walked out to the back end of the platform and was standing ready to step off when the car should stop, and it just slackened up, then gave a quick jerk and knocked me off."

On the other hand, several witnesses testified that the car stopped and then started forward. The evidence on this point was conflicting. The conductor testified that when the car came to a stop he was upon the front platform and had immediately before passed through the car, and that then the plaintiff was sitting in the car and gave no intimation of a desire to get off; thereupon he went forward upon the railroad crossing, in the performance of his duty, to see whether the track was clear.

Joseph Roth, a passenger, stated :

" As the car came up to the Bloomingdale Road it stopped, and as it did so the lady was at her seat and I was opposite her. I saw the conductor give the signal to the motorman to start. At that time the lady was getting up. I thought she was ringing the bell, but she didn't; otherwise I would have given the signal. The car continued to go and she fell off. The car was going, at the time the lady stepped off, very slowly."

It was further testified on the part of the defendant, that when the car started up there was no jerk.

As to whether the car had stopped or whether, after stopping, it was proceeding on its way and was in motion at the time of the accident, and as to all the surrounding circumstances, except the fact of plaintiff's fall, there is much conflict of evidence. In such case the verdict of the jury as to the fact of negligence must not be disturbed, provided the jury were properly instructed as to the law.

2.    At the request of the plaintiff the court gave the foling instruction :

"The court instructs the jury that it is the duty of common carriers of passengers for hire to use the highest degree of care, vigilance and foresight consistent with the character and mode of conveyance adopted to safely carry and deliver their passengers, and in so doing it is their duty, when their cars stop or slow up, as in the act of stopping at a place where passengers are in the habit of getting on or off of their said cars, not to start the train or to suddenly increase the motion of said car until they have ascertained whether or not passengers are in the act of getting on or off of said cars; and if passengers are in the act of alighting therefrom, not to start or suddenly increase the motion of said car until the passenger has safely alighted therefrom; and the court instructs the jury that if you believe from the evidence that the plaintiff was a passenger on one of defendant's cars on or about the 14th day of March, A. D. 1899, and that while such passenger said car slowed up or stopped on the south side of the Bloomingdale Road on Western avenue, as alleged in plaintiff's declaration, and you further believe from the evidence that the said defendant had been in the habit of stopping at said point and receiving and discharging passengers therefrom, and you further believe from the evidence that the plaintiff, with all due care and caution, was in the act of alighting from said car at said point, and that while in the act of alighting therefrom the said defendant suddenly started or increased the forward motion of said car before the plaintiff had safely alighted therefrom, and you further believe from the evidence that the plaintiff by reason of the sudden starting or increasing the motion of said car was thrown from said car and sustained injuries in consequence thereof, then you will find the defendant guilty."

The giving of this instruction was error. This instruction told the jury, as matter of law, that if the facts therein set forth were true, the plaintiff should recover—which statement was precisely equivalent to telling the jury that the facts therein set forth constituted, in the law, negligence. It must be conceded that the plaintiff could not recover unless the defendant were found guilty of negligence. If there is evidence legally tending to sustain the issues in plaintiff's behalf, it is not the province of the court to tell the jury that certain acts constitute negligence. Illinois Central R. R. Co. v. Griffin, 184 Ill. 9; Chicago, B. & Q. R. R. Co. v. Gunderson, 174 Ill. 495.

West Chicago St. Ry. Co. v. Winters.

Under correct instructions of law it is for the jury to determine, from all the evidence, whether there is negligence. Chicago City Ry. Co. v. Dinsmore, 162 Ill. 658.

In the foregoing instruction the court told the jury to find the defendant guilty of negligence if the car was started forward or its motion increased while the plaintiff, in the exercise of due care, was alighting therefrom. She was familiar with the location and knew that the conductor, in the discharge of his duty, was compelled to leave his car and go forward to see if the railroad crossing was clear and safe.

The car was a closed one. Even if the conditions existed assumed in this instruction, it does not follow as a matter of law and fact, that the defendant was negligent. Assume that the testimony of Roth was true; that the car stopped, and that the plaintiff was still at her seat in the middle of the car as it started up; can it be said, as a matter of law, that plaintiff would be justified, after the car had started, in going to the rear end of the platform and placing herself in a position where the increased forward motion of the car would throw her off? When the signal was given to the motorman to proceed with his car, so dangerous was the crossing where steam cars are constantly passing, that there was no time to be lost. It was for the jury to determine whether the motorman was negligent in not seeing the plaintiff, under the circumstances of this case. The court erred in telling the jury that the defendant was negligent in case " the forward motion of the car was increased," without also telling them to consider whether the car had stopped, and no passenger made an attempt to alight until after the car had started forward to cross the steam car tracks, and whether the defendant, in the exercise of legal care, could have seen the plaintiff attempting to alight or step off the car. If a portion of the evidence in this case be accepted as true, then we can not say that the motorman or conductor knew, or ought to have known, that the plaintiff was in the act of alighting at the time of the accident; and if neither of them knew

or ought to have known, then the forward motion of the car, with or without a jerk, can not be said, as a matter of law, to have been a negligent act.   Chicago City Ry. Co. v. Gregg, 69 Ill. App. 77.

The instruction is argumentative and misleading.   An instruction which assumes to embrace every element essential to recovery, should omit nothing material.   McNulta v. Jenkins, 91 Ill. App. 309.

It is argued that if this instruction be erroneous, still the law was fully and correctly stated in instructions given for the defendant.   It must be answered in the language used in Pardridge v. Cutler, 168 Ill. 504 :

" If the instructions present the law fairly, when reviewed as a series, it will be sufficient.   But if an instruction directs a verdict for either party, or amounts to such a direction in case the jury shall find certain facts, it must necessarily contain all the facts which will authorize the verdict directed."

An error in an instruction is not obviated by giving conflicting instructions.   Illinois Linen Co. v. Hough, 91 Ill. 63;  Pardridge v. Cutler, *supra;* Illinois I. & M. Co. v. Weber, 196 Ill. 526.

Counsel say that appellee was not bound to state in her instruction, facts established under defendant's theory. That is true;  but the instructions, under such circumstances, prepared by her, stating the facts under her theory, must not direct the jury to find the defendant guilty.

In the first part of the instruction under consideration, the duty of a common carrier is not correctly stated.   It is there declared to be " to use the highest degree of care, vigilance and foresight consistent with the character and mode of conveyance adopted, to safely carry and deliver their passengers."

The degree of care required in such case is that care which is consistent and practicable.   Elwood v. Chicago City Ry. Co., 90 Ill. App. 397;  Chicago & Alton R. R. Co. v. Arnol, 144 Ill. 261.

A complete statement of the degree of care required must also contain the element of reasonableness.   Pennsyl-

vania Co. v. McCaffrey, 173 Ill. 169; New York C. & St. L. R. R. Co. v. Blumenthal, 160 Ill. 40; Chicago & Alton R. R. Co. v. Pillsbury, 123 Ill. 9.

The instruction in question is defective in respect to both elements—the "practicable" and the "reasonable."

After carefully reading this record, we are of the opinion that the jury should have been accurately instructed as to the law, and therefore must reverse the judgment and remand the cause.