SARAH A. CORUM, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 5, 1905.

1. PASSENGER CARRIERS: Pleading: Demurrer: Verdict. A petition alleged plaintiff entered the car for the purpose of becoming a passenger. The instruction submitted the question whether she was a passenger. *Held*, the instruction merely imposed the additional burden of proof upon plaintiff. Defendant's mode of attack was by demurrer and it cannot be complained of after verdict.

2. ———: ———: Instruction: Evidence. Instructions that mingle causes of liability under the evidence and pleading not found in the case with causes which are in the case are misleading and tend to confuse the jury and are, therefore, reversible error.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

REVERSED AND REMANDED.

*John H. Lucas* and *Ben T. Hardin* for appellant.

(1) The court erred in giving instruction numbered 1 for plaintiff. The allegation in the petition is that plaintiff got upon the car "for the purpose of riding

on same as a passenger;" that is the same as alleging that she got on the car with the intention of becoming a passenger, which is not an allegation that she did become a passenger. Raming v. Railway, 157 Mo. 504. The instruction, therefore, broadened the issues, and permitted a recovery on a theory not embraced in the pleadings. DeDonato v. Morrison, 160 Mo. 581; Womach v. St. Joseph, 168 Mo. 236; Wolfe v. Lodge, 160 Mo. 675; Holwerson v. Railway, 157 Mo. 216; Ragan v. Railway, 144 Mo. 623; Chitty v. Railway, 148 Mo. 64; Squire v. Brewing Co., 90 Mo. App. 462; Edwards v. Railway, 79 Mo. App. 257; Harper v. Railway, 70 Mo. App. 604; McLeland v. Transit Co., 105 Mo. App. 473. (2) The court erred in giving instruction numbered 3 for plaintiff. It gives a right to recover, if the car stopped at any place where passengers were in the habit of alighting, from any cause, if plaintiff was alighting, even though she made no request for the car to stop, and even though the train men had no knowledge of her intention to leave the car. And it requires the defendant's servants to know her intention without it having been made known by her. The law does not cast such a burden on the defendant, that they must know what the intention of a woman is, until she has in some way made her intention manifest. Spaulding v. Railway, 184 Mass. 470; Blakney v. Railway (Wash.), 68 Pac. 1037; Grabenstein v. Railway, 84 N. Y. Supp. 261; McCarty v. Railway, 105 Mo. App. 596; White v. Railway, 165 Mass. 552; Railway v. Mills, 91 Ill. 39; Pryor v. Railway, 85 Mo. App. 367; Lee v. Railway, 55 Atl. Rep. 106 (N. J.). (3) The court erred in giving instruction numbered 4 for plaintiff. It tells the jury that it is the duty of the defendant when it stops its car not to start the same again while a passenger is in the act of getting off the car, and makes it the duty of defendant's servant to know that such person is getting off, regardless of where the car is stopped, or why it is stopped,

or what caused the stop, and regardless of whether the passenger has made known or in any way indicated that he intends to get off. Such is not the law. See authorities under Point II, herein.

*Ellison & Turpin* for respondent.

(1) There was no variance between the petition, evidence and instructions in regard to plaintiff being a passenger on the car. R. S. 1899, sec. 629; See v. Cox, 16 Mo. 166; Bersch v. Dittrick, 19 Mo. 129; Wynn v. Cory, 43 Mo. 301; Alexander v. Campbell, 74 Mo. 142; State ex rel. v. Edwards, 78 Mo. 477; Sumner v. Rogers, 90 Mo. 324; Hickory Co. v. Fugate, 143 Mo. 79; Butts v. Long, 94 Mo. App. 687; Stilwell v. Ham, 97 Mo. 579; Roy v. Boteler, 40 Mo. App. 213; Warnick v. Baker, 42 Mo. App. 439; Bricker v. Stone, 47 Mo. App. 530; Cobb v. Railroad, 149 Mo. 135; Whitehead v. Railway, 99 Mo. 263; Ashworth v. Railway, 59 L. R. A. 592. (2) There was no variance between the petition, evidence and instructions as to the point where plaintiff alighted. Baker v. Independence, 93 Mo. App. 165; Murdock v. Brown, 16 Mo. App. 549; Toppass v. Kellogg, 74 Mo. App. 402; Cash v Railway, 81 Mo. App. 109; Sneed v. Salisbury, 94 Mo. App. 426. (3) Car men are bound to watch and be careful before starting at a regular stoppage point for passengers, as at a far crossing. Jackson v. Railway, 118 Mo. 199 (1. c. 221); Railroad v. Mills, 105 Ill. 63. (4) Plaintiff was getting off at the far crossing, the usual place for persons to get off and the car started while she was in the act of alighting. Culler v. Railway, 84 Mo. 340; Williams v. Railway, 96 Mo. 275; Cobb v. Railway, 149 Mo. 135; O'Mara v. Traction Co., 102 Mo. App. 202; Railroad v. Mills, 105 Ill. 63.

ELLISON, J.—Plaintiff was injured while in the act of alighting from one of defendant's street cars. She charges that by reason of the negligent act of defend-

ant's servants in starting the car too quickly she was thrown to the ground while in the act of stepping off. The judgment was in her favor.

It appears that plaintiff was at the corner of Twelfth and Main streets in Kansas City one evening when it was raining. That she desired to go to Walnut street (one block east) and there take what was known as a Fifteenth street car. She boarded a cable car at Twelfth and Main, intending to take a transfer and get off at Walnut, but before she was aware of it she had passed Walnut two or more blocks, and as the car was approaching Oak street she signalled for it to stop. That upon its stopping she attempted to get off, and on account of not being given sufficient time she was thrown to the ground while alighting as stated. She had not paid her fare but was ready to do so if the conductor had gotten around to her. There was ample evidence tending to support the charge of negligence against defendant; but we have had the following suggestions urged upon us by defendant, as showing that it has not had such a trial as is vouchsafed by the law.

The petition instead of charging outright that plaintiff was a passenger, alleged that she got upon the car for the purpose of becoming a passenger. The instructions she had given in her behalf submit for the jury to find whether she was a passenger. Defendant contends that such instructions made and submitted an issue not offered by the petition; and in support thereof cite the case of Raming v. Railway, 157 Mo. 504, where it was held that an allegation of boarding a car with intention of becoming a passenger was not an allegation of becoming a passenger. But whatever error there may be in the instructions in this case, in this respect is against the plaintiff, since, it puts upon her the additional burden of showing that she was an actual passenger, though not alleged to be in her complaint. We think defendant's mode of attack should have been by demurrer.

Having gone to trial, we think no complaint should be heard after verdict.

Again, the petition charges that, "after the car arrived at the corner of Twelfth and Oak streets in said city and came to a full stop at the usual place for cars to stop for the purpose of permitting passengers to alight;" while the instructions only submit the hypothesis of the car, "stopping at a place where passengers were in the habit of alighting."

Again, instruction numbered three for plaintiff submits the hypothesis of the car stopping at the place where passengers were in the habit of alighting from some other cause than that of discharging passengers that plaintiff had a right to alight from said car without making a request therefor, etc. There is no evidence whatever that the car stopped at the usual place for passengers to alight from any other cause than to discharge passengers. It is true that witnesses stated that a man came out into the street and got on the moving car before it got to the usual stopping place, and that the car slowed up seemingly for him to get on, but did not stop, though it was going very slow. So if we should say the jury were authorized to infer that the car came to a stop at such place and plaintiff attempted to get off it would not show liability on defendant, since plaintiff had no right to attempt to leave the car at such place. [Railroad v. Mills, 91 Ill. 39; Jackson v. Railway, 118 Mo. 221.]

The instructions have mingled causes of liability under certain states of evidence and pleading not found in this case with causes which are in the case, and thus tend to mislead and confuse the jury. On retrial they should be drawn so as to clearly present the issues as made by the pleadings and evidence in this case, without confounding such issues with those which have heretofore arisen in other cases, the particulars of which are not found in this. An idea which might be perfectly

clear as shown by pleadings and evidence in Railroad
v. Mills, 105 Ill. 63 (approved in Jackson v. Railway,
118 Mo. 221) would be confusing and misleading in this
case which had not the same features disclosed by the
evidence. Railroad v. Mills is first reported in 91 Ill.
39, and it will be found from that report that the case
was reversed for new trial on an instruction with much
less tendency to confuse than is found in the instructions
here considered.

The judgment is reversed and the cause remanded.
All concur.

