KEARMAN M. SCOTT, Respondent, v. METROPOLI-
TAN STREET RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, May 31, 1909.**

1. **CARRIERS: Contributory Negligence: Emergency.** Where
plaintiff, who in attempting to board a street car platform which
was crowded, at a point where the double tracks came close
together, had not entirely gotten on the platform when he
saw a car approaching on the other track some fifteen or twenty
feet away, he was not negligent *per se* in signalling the motor-
man to stop the other car instead of jumping off the car he
was on, if one in the exercise of ordinary care might have
adopted the same course in the emergency.

2. ———: ———: ———. Where one is placed in a position
of danger without his own negligence, the same degree of dis-
crimination is not required of him in extricating himself there-
from as if he had sufficient time to deliberate on the safest
course to pursue in the emergency. It is a question for the
jury to determine whether or not plaintiff was guilty of con-
tributory negligence in attempting to board the crowded plat-
form under the circumstances.

3. **DAMAGES: Personal Injuries: Instructions.** In a personal
injury action against a street car company the court instructed
that in awarding the damages, the jury could consider the
physical pain or mental anguish suffered, the time plaintiff
lost from his work, if any, because of his injuries and allow
him a reasonable amount therefor not to exceed the amount
alleged, and if the jury believed with reasonable certainty
that his injuries were permanent or that he would in the
future suffer pain or mental anguish therefrom, that fact could
be considered and plaintiff should be allowed in all such reason-
able sum as would fairly compensate him for his injuries, not
to exceed the amount alleged. *Held*, that the instruction suf-
ficiently defined the issues as to damages and properly stated the
facts bearing thereon.

Appeal from Jackson Circuit Court.—*Hon. Henry L.
McCune,* Judge.

AFFIRMED.

*John H. Lucas* and *Ben T. Hardin* for appellant.

The court erred in refusing to give defendant's demurrer offered at the close of plaintiff's evidence, and in refusing a similar instruction offered by defendant, at the close of all the evidence in the case. Gettys v. Transit Co., 103 Mo. App. 564; McLeland v. Transit Co., 105 Mo. App. 473; Kimble v. Railway, 108 Mo. App. 78; Hyman v. Transit Co., 108 Mo. App. 458; Hensler v. Stix, 113 Mo. App. 162; Sims v. Railway, 116 Mo. App. 572, and cases cited; Fechley v. Traction Co., 119 Mo. App. 358; Diamond v. Kansas City, 120 Mo. App. 185; Wallack v. Transit Co., 123 Mo. App. 167; Hebeler v. Railway, 132 Mo. App. 551; Davies v. Railway, 159 Mo. 1; McGauly v. Transit Co., 179 Mo. 583; Mockowik v. Railway, 196 Mo. 570; Higgins v. Railway, 197 Mo. 300. The court erred in giving instruction numbered 1 for plaintiff, on the measure of damages. Hooper v. Railway, 125 Mo. App. 329; Boyd v. Transit Co., 108 Mo. App. 303; St. Louis v. Kansas City, 110 Mo. App. 653; Arnold v. Maryville, 110 Mo. App. 254; Camp v. Railway, 94 Mo. App. 272; Jacquin v. Cable Co., 57 Mo. App. 320; Flynt v. Railway, 38 Mo. App. 94; Matney v. Grain Co., 19 Mo. App. 107; Badgley v. St. Louis, 149 Mo. 122; McGowan v. Ore & Steel Co., 109 Mo. 518; Hawes v. Stock Yards, 103 Mo. 66; Stephens v. Railway, 96 Mo. 207; Stewart v. Clinton, 79 Mo. 603. The court erred in refusing instruction numbered 1, as asked by defendant. It is the law applicable to defendant's theory of the case, and to the evidence adduced by the defendant; and defendant was entitled to have the jury so instructed upon its theory and evidence. Murray v. Transit Co., 176 Mo. 183; Wren v. Railway, 125 Mo. App. 604; Hartman v. Transit Co., 112 Mo. App. 446, 449; Wands v. Railway, 106 Mo. App. 96; Gray v. McDonald, 28 Mo. App. 492; Cahn v. Reid, 18 Mo. App. 115.

*Henry J. Latshaw* for respondent.

The following Missouri decisions also sustain respondent's position: Vessels v. Railroad, 129 Mo. App. 708; Schepers v. Railroad, 126 Mo. 665; Simonton v. Railroad, 106 S. W. 46; McDonald v. Railroad, 108 Mo. App. 374; O'Brien v. Railway, 185 Mo. 263; McGuire v. Railroad, 113 Mo. App. 79; Binsbocher v. Railroad, 108 Mo. App. 1; Archer v. Railroad, 110 Mo. App. 349; Foland v. Railroad, 119 Mo. App. 284; Kohr v. Railroad, 117 Mo. App. 302; Reynolds v. Railroad, 189 Mo. 408; Van Horn v. Railroad, 198 Mo. 481; Gates v. Railroad, 125 Mo. App. 334.

BROADDUS, P. J.—This is a suit to recover damages for injuries alleged to have been received by plaintiff through the negligence of defendant on the 19th day of November, 1906, at about 5:30 o'clock p. m. at the intersection of Twelfth and Walnut streets in Kansas City. Twelfth street runs east and west; Walnut street runs north and south; they cross each other at right angles and in each defendant has double tracks of its electric railway. At the intersection of the two streets is a point for letting off, taking on or transferring passengers. As a precaution for safety, the cars going in any direction stop on reaching the crossing before passing over it.

Prior to the time mentioned the defendant had operated its cars on Twelfth street by cable. For the purpose of letting go the cable of the cable cars, the track had a jog or kink in it just west of Walnut street, which had the effect of lessening the distance between the two tracks, thus leaving a space between passing cars of about six inches. This jog had the effect also of causing cars to wabble so that the bumpers of passing cars sometimes struck each other. The car in use at the time we speak of was an old-fashioned car with an entrance or exit at each end, one on the outside of the track and the other on the inside or next to the other track.

The plaintiff was intending to take passage on an east-bound car on Twelfth street at said crossing and when the car stopped on the west side of the Walnut street tracks passengers were getting off and on the car, and, seeing that the outside entrance and platform were crowded with passengers, he concluded he would go around and get on at the east end of the car between the two tracks. When he got there, he found it was also crowded with passengers, still he succeeded in getting onto the steps and into the vestibule of the car, but passengers in their endeavor to alight crowded him out and down onto the ground. About this time, a west-bound car was standing on the north track east of the crossing. Plaintiff, holding to the car, attempted to get back to his former position on the car upon the platform, but other passengers had got before him and forced him down, and he was therefore unable to get entirely back upon the platform. While he was in this position and unable to get farther into the car, the motorman on the west-bound car started it over the crossing. The plaintiff saw it when it was fifteen or twenty feet away and, realizing his peril, motioned the motorman to stop; and other passengers, seeing plaintiff's danger, cried out to the motorman to stop; but the motorman, heedless of the warnings, if he saw or heard them, or not understanding their purport, failed to stop his car and plaintiff was caught between the two cars and severely injured. Plaintiff was familiar with the condition of the tracks at the point in issue, but at the same time he was familiar with the practice of defendant not to allow the cars to pass one another there. The plaintiff did not see the approach of the west-bound car until he was making the second effort to get upon the car. The west-bound car was moving slowly and stopped within the distance of five or six feet after plaintiff was caught between the two cars. Plaintiff testified on cross-examination that the car he tried to board was packed; that he saw it was impossible to get on at the rear end. After he got around

to the other end of the car, notwithstanding the platform was crowded, he thought he could get on as he saw persons getting off.

There were several grounds of negligence alleged in the petition, but the issue was narrowed to the allegation of negligence on the part of defendant in maintaining its tracks in a dangerous proximity to each other. The plaintiff recovered and defendant appealed.

At the close of plaintiff's evidence, defendant tendered a demurrer which the court overruled. It is insisted by defendant that the court committed error in refusing its demurrer because plaintiff's own testimony showed that he knew he was going into a position of peril and that he made no effort to extricate himself from such position.

Plaintiff admitted his familiarity with the condition of the tracks at the place where he received his injury and must have known that, if a car should pass while he was making his second effort to get upon the platform, he was exposed to danger from his position on the steps outside of the vestibule. But, notwithstanding such must be conceded, at the same time, in measuring the extent of his culpability, we must take into consideration also the further established fact that he was familiar with the practice of defendant to avoid having its cars pass each other at this particular point. And we must take into consideration the further fact that he was at a place where he had the right to be, as it was a place provided by the defendant for the taking on and letting off of passengers. He had the right, under such conditions, to assume that there was no danger to be apprehended from a passing car going west. It is true, if he had looked, he could have seen that a car was approaching from the east, but at the same time he was not bound to watch for it to continue its passage over the crossing while the car which he was boarding had not first passed over before meeting the other as was the practice. He had the right to presume that defendants would do their

duty in that respect.   [Percell v. Railroad, 126 Mo. App. 43.]

But it is contended that, plaintiff knowing of impending danger, it was his duty to make the proper effort to avoid it, which he could have done in an instant by making two steps northward which would have placed him out of danger.   Plaintiff was on the steps of the car when he saw the west-bound one approaching at a distance of fifteen or twenty feet and it was possible for him to have quit his position and crossed the north track to a place of safety, had he been diligent, and, if there had been no other apparent means of avoiding danger, he should have done so in the exercise of reasonable care; but he had also another apparent means of escape from impending danger and of which he availed himself, and that was to signal the motorman to stop his car.   Under the circumstances, he had the right to suppose that, as he was in plain view of the motorman, the latter would in all probability see his signal and stop the car in time to avoid injuring him.   In considering what a person in his situation should have done, we must make due allowance for his action and, if the result showed that his safest course would have been to have abandoned his position and fled across the north track for safety, still, if his action at the time was consistent with that which a person in the exercise of reasonable care might on the spur of the moment also have adopted, he was not guilty *per se* of negligence.   On such occasions, it will not do to require the same degree of discrimination that should be applied where there is sufficient time for deliberation in which to pursue the safest course of action.

And furthermore, we believe, under the evidence, that the plaintiff was not guilty of negligence as a question of law in attempting to get on a crowded car.   It is common knowledge that hundreds of persons do this every day in the year with the permission and, we might say, at the invitation of defendant.   It might be that a person should be chargeable with negligence if he at-

tempts to board a car so crowded as not to admit of his entrance. It is true that the car on this occasion was crowded apparently to its full capacity, yet the defendant acted upon the supposition that when he saw persons alighting from it sufficient room was left for himself. It was therefore a question of fact and not a question of law, whether plaintiff's act was or was not negligent. It is insisted, however, that the condition of the tracks was not the proximate cause of plaintiff's injury. But we think it was. Had it not been for the proximity of the tracks, the injury would not have occurred. [Hull v. City of Kansas, 54 Mo. 598; Bassett v. City of St. Joseph, 53 Mo. 290; Ballentine v. Kansas City, 126 Mo. App. 130; Turner v. Railroad (Mo. App.), not yet reported.]

Objection is made to instruction No. 1, given for plaintiff. It is as follows: "The court instructs the jury that if you find for plaintiff, then, in determining the amount of your verdict, you may take into consideration all physical pain or mental anguish (if any), which plaintiff suffered on account of the injuries, if any, which the evidence shows plaintiff received on November 19, 1906, at about 5:30 o'clock p. m. thereof, by being struck by one of defendant's west-bound electric cars, at the corner of Twelfth and Walnut streets in Kansas City, Missouri; and, if you further find and believe from the evidence that plaintiff has been forced to lose time from his means of livelihood on account of said injuries, if any, then you may also take that fact into consideration, and allow him therefor such a reasonable amount, not to exceed three hundred dollars, as you may find and believe from the evidence would fairly compensate plaintiff therefor; and, if you further find and believe from the evidence that said injuries, if any, or any of them, will, with reasonable certainty, be permanent, or that plaintiff will, with reasonable certainty, in the future suffer either physical pain or mental anguish from said injuries or any of them, you may also take that fact into consid-

eration and allow him in all such a reasonable amount, not to exceed ten thousand dollars ($10,000), as you may find and believe under the evidence and the instructions of the court would fairly and justly compensate him therefor."

One of the objections is that it does not define the issues as to damages. Boyd v. St. Louis Transit Co., 108 Mo. App. 303, is the only case cited by defendant in support of its objection, that seemingly condemns said instruction. The instruction in this case tells the jury what facts they must take into consideration in estimating plaintiff's damages to his person already sustained and for the future, if his injuries shall be found to be permanent, and to allow him the reasonable value of his lost time. The instruction in the case cited leaves it entirely to the discretion of the jury to say what damages it might assess without any limitation whatever except as to the amount. The instruction here did not undertake to cover the whole case, but it covered the whole ground in so far as the question of damages was concerned. There is no question but what the plaintiff had the right to submit the question of damages in a separate instruction. This is the usual practice.

Instruction No. 2 is also criticized by the defendant. There are a number of specified objections to the instruction that are so devoid of merit that we will not discuss them, but will call attention to the one seemingly of the most importance, that is, that it "tells the jury that if plaintiff got upon the platform of the car with the intention of becoming a passenger, then he was a passenger." In Raming v. Railroad, 157 Mo. 477, it is held that, "An allegation in a petition against a street railway company for damages, that plaintiff boarded a car with the intention of becoming a passenger, is not equivalent to an allegation that he is a passenger, since the law does not concern itself with mere intent not evidenced by an outward act." And so we held in Corum v. Railroad, 113 Mo. App. 631. These cases apply to a

question of pleading and not to evidence. It is held by the St. Louis Court of Appeals that, "When a signal is given by one wishing to board a street car, or when his attitude is such as to indicate such wish, and either is seen and recognized by the motorman and in apparent response he turns off the power and sets the brakes, in view of the passenger, indicating to him that the car is going to be stopped that he may get aboard, and he without negligence attempts to do so, the contract of the carrier and passenger is complete." [Spencer v. St. Louis Transit Co., 111 Mo. App. 653.] And such is the holding in O'Mara v. St. Louis Transit Co., 102 Mo. App. 202. In pleading, it is necessary to allege that plaintiff was a passenger. As evidence, certain acts of the party contemplating taking passage on a street railway and certain other acts upon the part of the motorman complete the contract for passage between the passenger and the carrier. The jury was instructed that, if they found plaintiff got upon the car while the car was standing still for the purpose of allowing passengers to get upon it and that he got upon the platform for the purpose and with the intention of becoming a passenger . . . the plaintiff was a passenger. It seems to us that that should be sufficient. [Devoy v. St. Louis Transit Co., 192 Mo. 197.]

Other objections are made to the action of the court during the trial, but we feel that to discuss them would lead to no profitable result; therefore, we pass them over.

The cause is affirmed. All concur.