MARY T. McNALLY, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, June 13, 1910.**

1. **CARRIERS: Calling Street: Leaving Car: Negligence: Contributory Negligence.** M got on a street car as a passenger. She was unacquainted with the street where she wished to get off and asked the conductor to let her off at that street. After a time the conductor called that street and presently the car stopped, but nearly 100 feet north of the usual stopping place. M left her seat, came out onto the platform, passing by the conductor, and while in the act of alighting, the car suddenly started, throwing her to the street and injuring her. *Held*, that M was justified in assuming that she was to get off where the car stopped and that the carrier was liable for starting without warning and throwing her to the street.

2. ——: ——: Evidence: Nature of Husband's Employment. Permitting a plaintiff to state that her husband was a laborer in a packing house, over the objection of the defendant, is not sufficient error to justify a reversal of the judgment.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*John H. Lucas, F. G. Johnson, T. B. Buckner* and *Charles N. Sadler* for appellant.

(1) The uncontradicted testimony in this case shows the plaintiff was injured at a place where passengers had no right to alight. There was no proof in the case that any employee of defendant knew that plaintiff was going to alight at said point. Therefore defendant's demurrer to the evidence should have been sustained. McCarty v. Railroad, 108 Mo. App. 600; Corum v. Railroad, 113 Mo. App. 635; Jacobson v. Transit Co., 106 Mo. App. 339; Nurse v. Railroad, 61 Mo. App. 67; Jackson v. Railroad, 118 Mo. App. 218. (2) It was error to admit evidence of the size of plaintiff's family, and the nature of her husband's occupation. Overholt v. Vieths, 93 Mo. 422; Stevens v. Railroad, 96 Mo. 214; Mahoney v. Railroad, 108 Mo. 191; Duyhorsh v. Railroad, 103 Mo. 577; Williams v. Railroad, 123 Mo. 584; Beck v. Dowd Ex., 40 Mo. 84.

*James H. Austin* for respondent.

(1) The facts in this case are similar in all respects to the facts in the case of Hufford v. Railroad, 130 Mo. App. 638, where the court says that it is the duty of the conductor to look out and see that passengers do not attempt to alight when the car happens to stop at some unusual stopping place. The facts in the case at bar bring it also within the following cases: Railey v. Railroad, 133 Mo. App. 473; Barnett

v. Railroad, 138 Mo. App. 192; Pickens v. Rail-
road, 125 Mo. App. 669; Lang v. Railroad, 115 Mo.
App. 489; Cartlich v. Railroad, 128 Mo. App. 721;
Street Railway Co. v. Shaw, 110 Tenn. 467; Railroad
v. Bent, 92 Ala. 291; Railroad v. Mitchell, 92 Tenn. 31;
Dudley v. Railroad, 73 Fed. Rep. 128; Booth on Street
Railroads, sec. 349; Railroad v. Manning, 170 Ill. 417.
(2) There was no objection by defendant to proof of
number of children the plaintiff had, but the only ob-
jection made by the defendant was to the statement of
occupation of plaintiff's husband. It was perfectly
proper for plaintiff to show her condition in life.
Thomas v. Railroad, 20 Mo. App. 485; Mitchell v.
Plattsburg, 33 Mo. App. 555; Russell v. Columbia, 74
Mo. 480.

ELLISON, J.—Plaintiff was a passenger on one
of defendant's street cars and was injured in attempt-
ing to alight therefrom. She thereupon instituted this
action for damages and recovered judgment in the trial
court.

Plaintiff got on the car at Nineteenth and Troost
avenue, Kansas City, Mo., at about seven o'clock p. m.,
November 21, 1907, desiring to go south to Twenty-
sixth street, where she intended to get off and visit a
sister. She was a stranger to that part of the city and
told the conductor when she got on that she desired to
get off at Twenty-sixth street. Just after the car had
passed Twenty-fifth street, the conductor, who was in
the rear vestibule of the car, called out "Twenty-sixth
street," and the car presently stopped, when the plain-
tiff arose from her seat, came out through the vestibule
and had stepped one foot on the car step, with the other
raised, when the car was suddenly started forward and
she was thrown to the street, whereby she received se-
vere and permanent injury.

145 App—9

It appears, however, that the place where plaintiff was thus thrown off was not at the usual stopping place for Twenty-sixth street, that, in fact, it was, perhaps, one hundred feet north of that street. But it was shown that it stopped shortly after the conductor's call, and that plaintiff then proceeded to leave the car by passing the conductor and that while in the act of getting off, the car was started without warning, and she was thrown as stated. It was after dark, plaintiff was not acquainted with the street, and she had a right to assume, in the absence of warning to the contrary, that the car had stopped in response to the call of Twenty-sixth street. It was a part of defendant's theory that she got off a running car and thereby contributed to her own injury. There was evidence tending to show that she did; but there was abundant evidence in her favor to the contrary, and we, of course, must accept as true whatever the evidence in her behalf tends to prove.

It is insisted that the court erred in admitting evidence that plaintiff was the mother of six children. Her answer to that effect was not responsive to the question asked, and no objection was made by defendant. She was then asked what were the ages of the children, and objection to that was sustained.

Afterwards plaintiff was asked what was the occupation of her husband and she answered he was a day laborer at a packing house. The objection to this was overruled. We are, however, satisfied from the record that such statement is not sufficient ground upon which to base a reversal of the judgment.

We think there is no merit in defendant's point that plaintiff had no right to get off at the place she attempted, that not being the stopping place for the discharge of passengers. The cases cited by defendant, especially Corum v. Railroad, 113 Mo. App. 631, have no application to the facts in this case. Plaintiff was practically invited to alight at the place she was thrown

off. The conductor called the street and then the car stopped, and she, unacquainted with the street, arose and passed by him, he making no objection to her getting off.

The demurrer to the evidence was properly overruled. We readily concede that physical facts will overcome and control testimony given by witnesses, but we do not think there was such conflict between the two kinds of evidence as to justify us in rejecting the evidence of witnesses showing how the occurrence happened.

Objection is made to the first instruction for plaintiff on the ground that it submitted the hypothesis that the conductor, in the exercise of reasonable care, could have known that plaintiff was leaving the car. It is suggested that it should have submitted whether the conductor actually knew. We think that in the circumstances of plaintiff's coming out of the car, and what caused her to come out, at that place, the instruction was proper.

The judgment was for the right party and is affirmed. All concur.